**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Gerald Leon BAGGETT, Defendant-Appellant.**

**No. 71-1781**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1972.

Barry Hess, Mobile, Ala., court appointed, for defendant-appellant.

Irwin W. Coleman, Jr., Asst. U. S. Atty., C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellee.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al, 5th Cir. 1970, 431 F.2d 409, Part I.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Defendant was convicted of receiving and concealing a stolen automobile moving in interstate commerce. 18 U.S.C. § 2313. This appeal questions the trial court's rulings on two requests made by defendant prior to trial. First, the court sustained the government's refusal to give the name of the person from whom this defendant received the automobile, and second, the court refused to grant a severance from the trial of two co-defendants who were both acquitted. Finding that the trial court did not abuse its discretion in either instance, we affirm.

## I.

█ The grant or refusal of the defendant's motion for a Bill of Particulars is addressed to the sound discretion of the trial judge, and will not be disturbed on appeal except for a clear abuse of discretion. United States v. Bearden, 423 F.2d 805, 809 (5th Cir. 1970), cert. den., 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968).

█ This Court and other Circuits which have treated the specific issue raised in this case have held that it is not an abuse of discretion for the trial court to deny the defense the names of government witnesses, whether requested by motion for Bill of Particulars under Rule 7(f), or by a motion for discovery under Rule 16(b), Federal Rules of Criminal Procedure. O'Neal v. United States, 411 F.2d 131 (5th Cir. 1969), cert. den., 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77 (1969); Downing v. United States, 348 F.2d 594, 599 (5th Cir. 1965), cert. den., 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965); United States v. Wolfson, 413 F.2d 804, 808 (2nd Cir. 1969); United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970),

cert. den., 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969), cert. den., 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970); United States v. Harflinger, 436 F.2d 928, 936 (8th Cir. 1971); United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969); United States v. Seasholtz, 435 F.2d 4, 7 (10th Cir. 1970).

It does not appear from the record in this case that preparation for trial by defendant's counsel was so prejudiced by this ruling that it rendered him ineffective, as argued in the brief.

## II.

Defendant's sole reason for desiring a severance was that his co-defendants would testify before the jury and had character witnesses. He argues that this highlighted for the jury his own failure to testify and to produce character witnesses on his behalf.

In his brief defendant relies solely on DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962), reh. den., 324 F.2d 375 (5th Cir. 1963). However, in *DeLuna* each defendant was trying to blame the criminal act on the other. The attorney for the co-defendant who testified, in representing his client, commented to the jury on the fact that DeLuna did not take the stand while his client did. The jury was asked to consider this in evaluating the credibility of the defendant who testified. We held that a joint trial was impermissible.

█ In the case at bar, the defendants' defenses did not conflict, no evidence adverse to Baggett's case resulted from the joint trial, the testimony of the other co-defendants did not reflect at all on Baggett or his defense, and no comment was made as to Baggett's failure to testify. Nor was any comment made on his failure to produce character witnesses. Under these circumstances, as foreseen at the time of the motion and as they later developed at trial, it appears that the trial judge was well within the discretion permitted him in

the disposition of a motion for severance. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Gordon v. United States, 438 F.2d 858, 878–879 (5th Cir. 1971).

All three defendants were charged as to the same events concerning the same vehicles. It would not be reasonable to require separate trials merely because the quality of the defense of each defendant might vary, if the defenses do not conflict.

Affirmed.