The **UNITED STATES**

v.

Charles H. **SMITH** et al.

**Crim. No. CR74–304A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 31, 1974.

466

John W. Stokes, Jr., U. S. Atty., John W. Turner, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Edward Garland and Mark Kadish, Atlanta, Ga., for Smith.

## ORDER

EDENFIELD, Chief Judge.

In this 36-count indictment the three defendants are accused of a variety of fraudulent acts involving securities and banking and of a conspiracy to commit those acts. Defendant Smith has filed 12 pre-trial motions and this order will attempt to dispose of those motions.

I. Motion to Dismiss Counts 1 Through 7 Because of Selective Prosecution.

The defendant has neither presented nor offered to present any evidence in support of this motion. Even those cases cited by the defendant make it clear that in the rare case in which dismissal is an appropriate sanction for selective prosecution, there is a presumption that the prosecution is proper and the burden is on the defendant to make an initial presentation of evidence to rebut that presumption. United States v. Falk, 479 F.2d 616 (7th Cir. 1973). This motion is denied without prejudice to the defendant's right to revive it after laying a proper evidentiary basis.

II. Motion to Impound and Preserve Any and All Documents and Records Relevant to the Instant Indictment.

The defendant cites no authority which supports this motion and the

court is aware of none. The motion is denied.

### III. Motion to Dismiss Conspiracy Count.

■■ .The defendant seeks dismissal of Count 36 of the indictment, the conspiracy count, on three grounds: (1) the count is so vague as to be constitutionally invalid; (2) the count is so vague that it would not allow the defendant to avail himself of a plea of double jeopardy in a subsequent prosecution; and (3) the count violates a prior verbal agreement by the United States attorney not to prosecute the defendant for conspiracy. As a general rule an indictment can be dismissed for vagueness only if it fails to allege an essential element of the offense or is so vague that it will not serve as the basis for clarification through a bill of particulars.[1] Here a review of Count 36 reveals that it does clearly allege all of the elements of a violation of Section 371, Title 18, United States Code. The indictment also sets forth one "object" of the conspiracy and three "parts" of the conspiracy. These "objects" and "parts" are extremely vague. However, the indictment next alleges 63 overt acts, 21 of which were allegedly participated in by defendant Smith. Similar indictments have been upheld as valid even against defendants who were not alleged to have participated in any of the overt acts. United States v. Stromberg, 22 F.R.D. 513 (S.D.N.Y.1957). The court cannot conclude that Count 36 is so vague that its dismissal is constitutionally required.

■■ It is established law that in ruling on a subsequent claim of double jeopardy it is permissible for the court to refer to the entire record of the prior proceeding and not be bound by the indictment alone. 1 C. Wright, Federal Practice and Procedure: Criminal § 125 (1969). The court is confident that the completed record in this case including the indictment and the bill of particulars

will be sufficient to enable the defendant to successfully assert his claim of double jeopardy in any subsequent prosecution.

■ Finally, the defendant asserts that Count 36 should be dismissed because it was sought in violation of a prior promise of the United States Attorney that any superseding indictment would not contain a conspiracy count. In the record of the case there is no evidence that the United States attorney made any such commitment nor is there citation of authority which supports the proposition that violation of such a promise would require dismissal of the indictment. On this record the motion to dismiss Count 36 must be denied.

### IV. Motion for Bill of Particulars.

The defendant has filed an extensive motion for a bill of particulars. Although both sides have filed briefs on the motion the briefs are entirely composed of conclusory statements of the proper standard to be applied and do not contain any attempt to address the specific merits of each requested particular.

In 1966 Rule 7(f) was amended to eliminate the requirement of a showing of cause and to liberalize the standard for granting a bill of particulars. Since that time the courts have frequently paid lip service to this liberalized standard, but have nonetheless manifested considerable reluctance to give effect to this change in policy. Professor Moore's analysis indicated that there are two reasons for this reluctance. First, many courts apparently feel that defense counsel utilize Rule 7(f) motions in an attempt to circumvent the limitations on criminal discovery. Professor Moore finds little validity in this argument. 8 Moore's Federal Practice ¶ 7.06 [1] (1973). Secondly, many courts are reluctant to "freeze" the government's evidence in advance of trial. This "freezing" stems from the common-law rule that a bill of particulars "strictly limits

---

1. The defendant has also filed a motion for a bill of particulars. That motion will be considered later in this order.

the prosecution to proof within the area of the bill." United States v. Neff, 212 F.2d 297, 309 (3d Cir. 1954). This "freezing" can, however, be avoided and the motion for a bill of particulars defeated, if the government has provided the defendant with the information sought in some other satisfactory form. 1 C. Wright, Federal Practice and Procedure: Criminal § 129, p. 284 (1969). Additionally the court has inherent power to attach conditions to its grant of the motion in order to promote a fair and just conduct of the prosecution. This power is made explicit as to discovery in Rule 16(c), Federal Rules of Criminal Procedure.

■ In many respects the instant indictment, while not subject to a motion to dismiss, is regrettably vague. It is clear that justice requires that more information be provided to aid in the preparation of the defense. The defendant has sought broad discovery through the motion for a bill of particulars and has made no effort to distinguish those items which are legitimately regarded as crucial to preparation of the defense. The government has refused to concede the need for any further particulars. Neither position is sustainable and the court is left with little guidance as to which requests are properly the subject of a motion for a bill of particulars. In ruling on this motion it is not the court's intention to strictly or unduly limit the government's proof at trial. Accordingly, the court will advise the government of those requests as to which the court feels the defendant is legitimately entitled to further particulars. However, where any request for particulars is granted, the government need not respond at this time with the detail envisioned by the motion. A general disclosure of the information sought will suffice. Similarly, if the government cannot safely respond in precise terms because of uncertainty as to the facts, it should respond in approximate terms. United States v. Tanner, 279 F.

Supp. 457 (N.D.Ill.1967). If after the government has responded to this order (and the court will expect a good-faith response), the defense genuinely believes that further disclosure is required under Rule 7(f), the court will entertain a further motion for a bill of particulars. It is hoped that in the future the government will voluntarily provide such a general amplification of the outline of its case thereby avoiding the risk of "freezing" its proof at trial after the grant of a motion for bill of particulars and obviating the need for this court to attempt to determine on an insufficient record what information is truly vital to the preparation of the defense. The following rulings on the motion are made subject to the limitations set forth above. The court will rule on the multitude of requests as briefly as possible and will use the same system of numbering items which was used in the defendant's motion.

■ 1. The government states that it does not have the information requested in item 1. That request is accordingly denied.

■ 2. The dates requested in item 2 are sufficiently set forth in the indictment. That portion of the request is therefore denied. The locations requested in item 2 are not specified in the indictment other than that they lie within this district. That portion of the request is granted. This ruling also applies to items 4, 6, 8, and 10.

■ 3. Request number 3 is granted as to methods and means and as to location and denied as to specified shares of stock.

4. Request number 5 is denied.

5. Request number 7 is granted.

6. Request number 9 is granted.

■ 7. Request number 11 is denied. This portion of the indictment provides more detail than that involved in request number 3.

8. Request number 12 has 23 lettered subsections:

(a) The date requested is sufficiently set forth in the indictment. Request number 12(a) is denied.

(b) Requests number 12(b), (c), (d) and (e) are granted.

(c) Item 12(f) is denied as it clearly seeks detailed disclosure of the government's case.

(d) In response to the request 12(g) the government states that the answer is set forth in the indictment. If this is the case, the court has been unable to locate that information. The government is directed to either furnish the information sought to the defense or to file a response specifying what information in the indictment it contends answers this request. This ruling also applies to items 12(h), (i) and (j).

(e) Request number 12(k) will be denied without prejudice to the defendant's right to refile this request after the government has responded to this order. It appears probable that the response to this order will provide the defense with sufficient information to render this request superfluous.

(f) Request number 12(*l*) is granted.

(g) Request number 12(m) is granted.

(h) Requests number 12(n) and (*o*) are granted.

(i) Request number 12(p) is granted.

The remainder of the government's response to request number 12 consists of the assertion that:

"The government declines to respond to 12(q), 12(r), 12(s), 12(t), 12(u), 12(v), 12(w), 13 and 14 of defendant's motion on the grounds that defendant requests the Government to make a total disclosure of its evidence and theory of the case. United States v. Dave John Busard et al., *supra*; United States v. White, *supra*; United States v. Robert Wesley Lander, *supra*."

The facts of the cases cited bear no noticeable relationship to those of the case at bar. In ruling on a motion for a bill of particulars "what is called for is a particularized decision that takes into account the amount of facts stated in the indictment or information that is then before the court." 1 C. Wright, Federal Practice and Procedure: Criminal § 131, p. 296 (1969). The government's response is of no assistance in ruling on the motion. In some instances it is palpably incorrect. As an example in item 12(t), the defendant notes that the indictment avers that there are 63 alleged overt acts but only lists 62 overt acts. It is obvious that this item must be granted. The government is granted ten (10) days further in which to properly respond to this portion of the motion. If no such response is received requests numbers 12(q)–(u), 13 and 14 will be granted.

## V. Motion for Pre-trial Conference.

The defendant has moved that this case be set for a pre-trial conference. That motion is granted except insofar as it would preclude the rulings made in this order. Counsel for both parties are directed to complete the informal discovery procedures mandated by United States v. Eley, 335 F.Supp. 353 (N.D.Ga.1972), and attendant cases. Counsel for both parties are futher directed to explore the possibilities for stipulating to the authenticity and admissibility of documents without intervention of the court. When these negotiations have been completed, counsel should notify the Clerk of the Court to set this case for a pre-trial conference.

## VI. Motion to Dismiss the Indictment for Lack of Speedy Trial.

Defendant Smith was first indicted on related charges on June 5, 1973, in Indictment No. CR–28219A. The instant indictment was returned on June 7, 1974. It apparently is intended as a superseding indictment. The first indictment, however, has never been dis-

missed. Although the defendant did not formally file a motion for speedy trial it is clear from letters in the file that by October 19, 1973, at the latest, the government was on notice that the defendant wished a prompt disposition of the charges against him. He now seeks dismissal of the charges for violations of his Sixth Amendment right to a speedy trial.

It is elementary that there are two distinct lines of speedy trial decisions. Delay which occurs between commission of the offense and arrest or indictment may violate the Fifth Amendment right to due process.[2] United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed. 2d 468 (1971). If, however, the delay occurs between arrest or indictment and trial the controlling constitutional provision is the Sixth Amendment's guarantee of the right to a speedy trial. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). If the defendant can proceed under the Sixth Amendment he will be required to make a substantially lower showing. The government apparently does not understand this basic proposition. The response to the motion notes that the motion is based on the Sixth Amendment and then proceeds to cite only pre-indictment Fifth Amendment cases. The government's response is clearly inadequate.

The case is further complicated by the fact that it is unclear whether this is properly considered as a Sixth Amendment case. The Fifth Circuit has spoken once to the issue of the date the defendant becomes an "accused" for Sixth

Amendment purposes in a case involving a superseding indictment. United States v. Davis, 487 F.2d 112 (5th Cir. 1973). In *Davis* it was held that the relevant date was the date the second or superseding indictment was returned. The opinion, however, leans heavily on the sequence of events. In *Davis* the government dismissed the first indictment. There was then a period of five months when no prosecution was pending, the statute of limitations was running, and the defendant was in no sense an "accused." At the end of this period the superseding indictment was returned. The case of defendant Smith is easily distinguishable. Here the first indictment is still pending, the statute of limitations has been tolled throughout, and the defendant has at all times been an "accused". Neither party's brief speaks to this issue.

If, as appears likely, the relevant date in this case is that of the first indictment, the motion appears to have considerable merit. The Supreme Court has indentified the four factors to be considered: (1) length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The original indictment was returned on June 5, 1973. The delay has been over one and one-half years. The government response contains no explanation for this delay. The defendant asserted his right over a year ago.[3] There has, however, been no showing of actual prejudice made by the

---

2. In a *Marion* case the defendant cannot prevail absent a showing of "substantial prejudice" to himself or of "an intentional device to gain [a] tactical advantage over the accused." *Marion, supra* at 324, 92 S.Ct. at 465. Although defendant Smith asserts that such a showing can be made there has been no attempt to do so and this motion cannot be granted on Fifth Amendment grounds.

3. The defendant asserted his right in a letter from his counsel to the prosecutor rather

than by formal motion. This procedure, however, is more formal than that found to be sufficient by the circuit court decision affirmed in Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). In any event the requirement that the defendant assert his right is largely undercut by the Supreme Court's holding that "[a]lthough a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty

defendant other than that which naturally flows from being under indictment. That showing of prejudice may well be sufficient. Klopfer v. North Carolina, 386 U.S. 213, at 221–222, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In light of the above the government is granted ten days further in which to file an amended response to the motion. The court will defer ruling on this motion until it has been properly briefed.

## VII. Motion for Severance.

 The motion for severance is supported by a capable brief which argues that there are three different grounds which support severance. The government's brief is once again inadequate. The first two grounds asserted rely on prejudicial joinder of counts. The legal theory supporting each of these requires an assumption that the motion to dismiss the conspiracy count will be granted. This assumption is invalid.[4] Count 36 having survived the motion to dismiss, no prejudice flows from the joinder of all counts.[5] Thus only the third ground asserted in support of severance remains.

 The third asserted ground for severance relies on an alleged prejudicial joinder of defendants. The alleged prejudice arises from the fact that while this defendant did not choose to testify in his own behalf before the grand jury, both of his codefendants did and are expected both to testify to that fact at trial and to rely on their willingness to testify before the grand jury as an indicator of their innocence. The defendant correctly points out that the leading case on this issue is DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962); 1 C. Wright, Federal Practice and Procedure: Criminal § 225 (1969). The defendant, however, fails to note that the Fifth Circuit has further explicated the rule of *DeLuna* by holding that (1) severance is required only if the defendants will present conflicting defenses and (2) the trial judge may forbid counsel to comment on one defendant's failure to testify. United States v. Baggett, 455 F.2d 476 (5th Cir. 1972); United States v. Wilson, 451 F.2d 209, 215 (5th Cir. 1971), cert. denied 405 U.S. 1032, 92 S. Ct. 1298, 31 L.Ed.2d 490 (1972); United States v. Hyde, 448 F.2d 815, 831 (5th Cir. 1971), cert. denied 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972). In this case there is no allegation that the codefendants' testimony will be actively antagonistic and severance is not required. "It would not be reasonable to require separate trials merely because the quality of the defense of each defendant might vary, if the defenses do not conflict." United States v. Baggett, *supra* 455 F.2d at 478.

The motion for severance is denied.

## VIII. Motion for Leave to File Motion for Discovery and Inspection.

 On October 7, 1974, the defendant filed an extensive motion for discovery and inspection. This action renders this motion requesting permission to do so moot. This motion is denied as moot.

---

of the charging authority is to provide a prompt trial." Dickey v. Florida, 398 U.S. 30, 37–38, 90 S.Ct. 1564, 1569, 26 L.Ed.2d 26 (1970).

4. *See* p. 468, *supra.*

5. The defense does not contend that all three defendants cannot be tried together on the conspiracy count. That count alleges all of the other 35 counts as overt acts in furtherance of the conspiracy count. Thus all evidence on all counts will be admissible against all defendants if the government carries its initial burden of establishing the existence of the conspiracy.

In briefing this motion the defense also mentions the possibility that Count 36 might be severed from the other counts. While this possibility is mentioned in the motion to dismiss Count 36, it has not been briefed nor has the defendant seriously attempted to support a motion for severance of that count. On this record the court declines to sever Count 36.

IX. Motion for Leave to File Further Pre-trial Motions.

The court declines to grant the defendant blanket permission to file untimely motions. At such time as the defendant wishes to file any further motions the court will consider the justification for the untimely filing of any such motion. This motion is denied.

X. Motion for Oral Argument on all Motions.

Local Rule 91.3 provides that "All motions shall be decided by the Court without oral hearing unless otherwise ordered by the Court." The defendant's brief in support of this motion advances no justification for abandoning the normal procedures of this court. This motion is denied.

XI. Adoption of Codefendants' Motions.

The codefendants in this case have no pre-trial motions pending and none have been granted. This motion is denied. If any motion is subsequently allowed filed by any codefendant, this defendant will be allowed to file a similar motion if it is accompanied by a memorandum of authorities in support directed to the specifics of this defendant's case.

XII. Motion for Discovery and Inspection.

The defendant's motion for discovery is broken down into 33 numbered requests. The court will use the same numbering system as the defendant.

The government states that it is unaware of any information of the type sought in requests numbers 3, 10, 12, 13, 15, 25, 26, 27 and 31. Those requests are therefore denied. The government is, of course, responsible for the accuracy of its representations to the court.

There is no request number 24. It therefore cannot be either granted or denied.

The government has agreed to the discovery sought in requests numbers 2 and 6. Those requests are therefore granted.

Request number 1 is granted. 1 C. Wright, Federal Practice and Procedure: Criminal § 254 at n. 70 (1969).

Request number 30 seeks only exculpatory material. That request is granted. Brady v. Maryland, 373 U.S. 83, 104, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 1 C. Wright, Federal Practice and Procedure: Criminal § 254 at n. 74 (1969).

Insofar as request number 33 seeks statements of co-defendants in the possession of the government it is granted. 1 C. Wright, Federal Practice and Procedure: Criminal § 254 at nn. 77–79 (1969).

Neither party has specifically briefed any of the remaining requests (numbers 4, 5, 7, 8, 9, 11, 14, 16, 17, 18, 19, 20, 21, 22, 23, 28, 29, and 32). The defendant is directed to file within 10 days a document setting forth (1) each request remaining in contention, (2) if the request seeks material under Rule 16(b), a statement of the requisite showing of "materiality to the preparation of his defense", (3) if the material sought is covered by the Jencks Act an explanation of the reason its production is sought prior to trial, and (4) a memorandum of authorities in support of each request for discovery. The government is directed to file within 10 days thereafter a document responding to each request and argument which is contested. Failure to respond to any request or argument will be taken as acquiescence in the granting of that request. The Clerk is directed to resubmit this case on this discovery motion 20 days after entry of this order.