**UNITED STATES of America**

v.

**David M. TREATMAN and Gary R. Treatman, d/b/a Erik Imports.**

**Crim. A. No. 75–28.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

Aug. 20, 1975.

Donald E. Walter, U. S. Atty., J. Ransdell Keene, Asst. U. S. Atty., Shreveport, La., for plaintiff.

Joseph Taback, Beverly Hills, Cal., for defendants.

NAUMAN S. SCOTT, District Judge:

Defendants' motions to dismiss the indictment, for change of venue and for review of the minutes of the Grand Jury have previously been disposed of. In addition, defendants have submitted several discovery and procedural motions.

## I.

### MOTION FOR BILL OF PARTICULARS

Rule 7(f), Federal Rules of Criminal Procedure, provides a court may direct the filing of a Bill of Particulars. Whether to do so or not is a

matter entirely within the sound discretion of the presiding judge. *United States v. Cantu,* 469 F.2d 679 (5th Cir. 1972).

■■ The proper function of a Bill of Particulars is to furnish the defendant with information beyond that contained in the indictment respecting the charge against him, when the information is necessary to the preparation of his defense. *United States v. Smith,* 16 F.R.D. 372 (W.D.Mo.1954). It informs the defendant of the charge against him and serves to avoid or minimize any danger of surprise at the trial. *United States v. Bearden,* 423 F.2d 805 (5th Cir. 1970). Where the indictment, standing alone, fairly apprises the defendant of the charges against him with the requisite specificity, he is entitled to no more, and the request for a Bill of Particulars should be denied. *United States v. Bearden, supra; Hickman v. United States,* 406 F.2d 414 (5th Cir. 1969).

■ In the instant case defendants have asked for a Bill of Particulars containing 33 separate points. These requests run the entire range of evidence on which the government relies, including the names of witnesses. Such broad discovery is not mandated by our Federal Rules of Criminal Procedure.

■ The indictment here alleges that defendants knowingly used the mails, on specified dates, to deliver obscene matter to specific addresses within the Western District of Louisiana, all in violation of a specified statute, 18 U.S.C. § 1461. This serves to put defendants on notice as to the charges against them and allows them to prepare to defend these charges. Nothing more is required and the Motion for a Bill of Particulars is denied.

## II.

## MOTION TO HAVE GOVERNMENT LIST NAMES OF WITNESSES

■ The granting or denial of such a motion is within the sound dis-

cretion of the district judge. *United States v. Baggett,* 455 F.2d 476 (5th Cir. 1972). Accord *O'Neal v. United States,* 411 F.2d 131 (5th Cir. 1969), *cert. denied* 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed. 2d 77 (1969); *Downing v. United States,* 348 F.2d 594 (5th Cir. 1965), *cert. denied* 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965). Only in capital cases are defendants entitled to such a list (18 U.S.C. § 3432), and in other cases where denial of such list would not hinder effective defense preparation, it should be denied. *United States v. Bally Mfg. Corp.,* 345 F.Supp. 410 (E.D. La.1972). In the instant case, the government's response to the motion names the one witness who appeared before the Grand Jury; the names of the persons who received the material complained of are in the body of the indictment. The lack of a list of other government witnesses will not hinder the preparation of the defense, and the motion is denied.

## III.

## MOTION FOR DISCOVERY, INSPECTION, AND DISCLOSURE OF EVIDENCE

Defendants asked the court to order the government to produce for inspection and copying by defendants any and all evidence under its control which might be used in this prosecution. The request includes a number of specific items covering a broad range of material.

■ Rule 16, Federal Rules of Criminal Procedure, provides for discovery in criminal cases. Defendants' request for production of any tangible objects taken from defendants is covered by Rule 16 (b). That rule provides that the court may order production of such items, upon a showing by a defendant of the materiality of such items to the preparation of his defense and that the request is reasonable. Since the core of this prosecution involves the obscenity *vel non* of certain materials sent through the mails by defendant, the court feels that the inspection of these documents is

material to the preparation of the defense. We are informed that the government has consented to inspection of these materials by defense counsel and therefore this request may now be moot. However, to the extent such inspection has not been allowed, we will grant that portion of defendants' motion and permit inspection of any books, films or other allegedly obscene materials which form the basis of the charges against defendants.

Defendants make a number of other requests relating to production of statements of investigating officers, of witnesses who testified before the Grand Jury or who have given statements to officials, of minutes or reports of the Grand Jury, and of other materials constituting investigative reports. Under Rule 16(a), defendants are entitled only to copies of their own testimony before the Grand Jury, not of the testimony of other witnesses. Under Rule 16(b) defendants are not entitled to internal reports of government investigators or to statements of government witnesses or potential government witnesses, except as provided by the Jencks Act, 18 U.S.C. § 3500. That Act is not applicable at this stage of the proceedings. Since defendants are not entitled to such materials at this time, the motion for production will be denied, except as noted above regarding allegedly obscene materials forming the basis of this prosecution. Any material required to be delivered to defendants under the provisions of the Jencks Act, 18 U.S.C. § 3500, must be so delivered by or before 1:00 p. m. of the day preceding the trial date.

### 4.

### MOTION FOR DISCOVERY, INSPECTION AND COPYING RE: PANDERING

The defendants repeat their earlier motion for discovery, now specifically requesting discovery of evidence as to pandering. Specifically, the request relates to names of witnesses who will be used to prove up pandering and to inspection of materials received by these witnesses.

The court has previously granted permission to defendants to inspect the allegedly obscene materials forming the basis of this indictment. Further, we have previously denied the motion for a list of government witnesses. The reasons given by the court in ruling on these previous motions apply also to this motion, and therefore the motion for discovery, inspection and copying re: Pandering is denied. In addition, Government counsel has acknowledged that "pandering" is not charged in this case, and that the Government does not intend to introduce such evidence.

### 5.

### MOTION TO SUPRESS EVIDENCE

Defendants ask the court to suppress and prevent from presentation in evidence all advertisements and films because there has been no prior judicial determination of the obscenity vel non of these materials. As the government points out, however, there was no "seizure" of these materials; they were sent through the mail and received by the addressees who then delivered them to the federal authorities. Where a defendant has voluntarily parted with literature or films, he cannot complain of a seizure when he is later prosecuted. *United States v. Lethe,* 312 F.Supp. 421 (E.D.Cal.1970). Even if there had been a "seizure", the fact remains that the Grand Jury viewed the materials and found that probable cause existed for a violation of 18 U.S.C. § 1461. A necessary correlative of this finding was the finding by the Grand Jury, an arm of the judiciary, that the materials were obscene.

Defendants also assert that the materials should be suppressed because their introduction would violate defendants' rights to freedom of speech and due process of law. We have answered this argument in our ruling on the

motion to dismiss the indictment. In *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed2d 1498 (1957) the Supreme Court held that 18 U.S.C. § 1461 did not violate the free speech and free press guarantees of the First Amendment, or the due process clause of the Fifth Amendment. See also *United States v. Reidel*, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971); *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). We therefore deny the motion to suppress.

## SUMMARY

Defendants' motions for a bill of particulars, to have the government list names of witnesses, to supress certain evidence and for discovery and production re: Pandering are denied; defendants' motions for discovery and production of evidence is denied except that they are permitted to inspect the allegedly obscene materials forming the basis of this prosecution.