UNITED STATES of America,
Plaintiff-Appellee,

v.

Amado Gonzalez PENA,
Defendant-Appellant.

No. 76–1900
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Walter A. Costello, Jr., Salem, Mass., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Robert A. Leventhal, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GODBOLD, DYER and HILL, Circuit Judges.

DYER, Circuit Judge.

Pena was convicted of three counts of uttering and one count of possessing counterfeit obligations of the United States, in

violation of 18 U.S.C.A. § 472. He raises numerous assignments of error. We affirm.

Pena, a citizen of the Dominican Republic, who had been intermittently living in the United States for a number of years, was apprehended November 6, 1975, in Disney World by its security officials for passing counterfeit $20 bills. A Secret Service agent was called to the scene and advised Pena of his rights with a standard form which was translated into Spanish by a Disney interpreter. Pena signed the form, as well as a consent-to-search form for his car and locker. The searches of his locker and car revealed more counterfeit currency and notes as well as a quantity of merchandise which had been purchased with the counterfeit money. Despite Pena's assertion that he had unknowingly received the counterfeit money when he had sold a car in Santo Domingo, he was convicted by a jury of all counts of the indictment.

■■ Pena argues that the district court erred in refusing to grant his motion for a bill of particulars, after a hearing before a United States magistrate. But "[t]he grant or refusal of the defendant's motion for a Bill of Particulars is addressed to the sound discretion of the trial judge, and will not be disturbed on appeal except for a clear abuse of discretion." United States v. Baggett, 5 Cir. 1972, 455 F.2d 476, 477. Pena based his defense on his alleged lack of knowledge of the counterfeit nature of the obligations; he did not deny that he had indeed passed the bills at the date and place specified in the indictment. In these circumstances, Pena could hardly have been surprised by the government's proof at trial. Nor has he been able to indicate how his defense was hampered by the denial of the requested material. There was no abuse of discretion. In effect his motion amounted to an attempt to obtain a list of witnesses. He has no right to such a list under Rule 7(f) of the Federal Rules of Criminal Procedure. United States v. Treatman, W.D.La.1975, 399 F.Supp. 264, 265–66. 8 Moore's Federal Practice 7.06 (1976).

■ Pena's next objection is that the court prevented him from introducing evidence which would have helped his case. However, neither the proffered evidence of his bail status, nor the testimony by defendant's wife about what amount of currency she had declared at Customs, had any probative value. Again there was no abuse of discretion in the exclusion of irrelevant evidence that could only have served to confuse the jury about the issues in the case. United States v. Isaacs, 5 Cir. 1975, 516 F.2d 409.

■ Pena's next objection is to the admission of the items found in the warrantless searches of the locker and his car. He argues that his consent to the search was not voluntarily given because, with his language difficulties, he did not understand what he was doing. The record clearly reveals the contrary. Defendant was repeatedly warned of his rights in Spanish as well as English. He stated that he understood that he did not have to answer the security agent's questions, and that he did not have to consent to the searches. There was no coercion. This consent search was a constitutionally proper exception to the warrant requirement of the Fourth Amendment. United States v. Watson, 1976, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598; Schneckloth v. Bustamonte, 1973, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854.

■ Pena raises several further evidentiary objections. First, he argues that he was prejudiced by the court's initial admission in evidence of certain counterfeit bills and subsequent withdrawal of those items from evidence. However, the court's cautionary instructions to the jury adequately safeguarded the defendant's rights, and he has failed to show how the trial court's ruling could have resulted in prejudice. Pena also argues that the district court should not have permitted the government to cross-examine him about his prior failure to declare $5000 cash when he had passed through Customs. Although he made no objection to this line of interrogation at trial, he argues that this ruling constitutes "plain error" under Rule 52(b)

of the Federal Rules of Criminal Procedure. We disagree. The evidence clearly was probative of the defendant's intent and knowledge that his currency was counterfeit. See *United States v. Blewitt,* 5 Cir. 1976, 538 F.2d 1099; *United States v. Hatcher,* 5 Cir. 1970, 423 F.2d 1086, rehearing denied April 16, 1970, cert. denied 1970, 400 U.S. 848, 91 S.Ct. 35, 27 L.Ed.2d 86.

Next Pena asserts error in the district court's refusal to grant a defense motion for judgment of acquittal. There was however sufficient evidence from which a jury could find beyond a reasonable doubt that the defendant intended to commit the offense. *United States v. James,* 5 Cir. 1975, 510 F.2d 546, 551–52, rehearing en banc denied 1975, 513 F.2d 629. Finally we find no abuse of discretion in the denial of a new trial based on Pena's lack of character witnesses at trial. He does not deny that he never mentioned the alleged witnesses at all; he never subpoenaed them nor requested a continuance so they could be produced.

AFFIRMED.