# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2010

No. 10-30031

Lyle W. Cayce
Clerk

CAL-DIVE INTERNATIONAL, INC.; STATE NATIONAL INSURANCE COMPANY

Plaintiffs - Appellees

v.

SEABRIGHT INSURANCE COMPANY

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, GARWOOD, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge:

In this battle between two insurers, State National Insurance Company ("SNIC") and Seabright Insurance Company ("Seabright"), we must determine which insurer had the obligation to defend Horizon, a defendant in an underlying tort action. We conclude that Seabright had no obligation to defend Horizon based on an exclusion in its policy that excluded coverage if its insured maintained a Protection and Indemnity policy that covered injuries to its crew. It is uncontested that Horizon had such a policy. We, therefore, reverse and render judgment in favor of Seabright.

No. 10-30031

I.

This coverage dispute was triggered when David Brown was injured and filed a Jones Act suit against Coastal Catering and Horizon for failing to provide him with a reasonably safe workplace aboard the vessel M/V AMERICAN HORIZON, owned by Horizon.

Coastal had entered into a contract to provide catering services aboard Horizon's vessel, and Coastal sent Brown to work on the vessel pursuant to that contract. When Brown was injured aboard the vessel, he filed suit against both companies. In his complaint, Brown alleged that both Coastal and Horizon were his employers.

According to the Horizon-Coastal Contract, Coastal was obligated to defend Horizon, which Coastal did through SNIC, its Maritime General Liability (MGL) insurer. Horizon accepted SNIC's defense. Coastal also had in effect a Maritime Employer's Liability (MEL) policy with Seabright, and Seabright defended Coastal in the Brown litigation. After the Brown litigation was settled with SNIC and Seabright each paying 50% of the agreed settlement amount, SNIC sought reimbursement from Seabright for the costs SNIC incurred in defending Horizon.

SNIC argued that under the Alternate Employment Endorsement in Seabright's MEL policy insuring Coastal, Seabright was obliged to provide a defense for Horizon. The endorsement provides:

> This endorsement applies only with respect to death, bodily injury or illness to your employees while in the course of temporary employment by an alternate employer. This endorsement will apply as though the alternate employer is insured.
>
> This endorsement applies only to the work you perform under a contract or at the project denoted and covered by this policy.
>
> The coverage afforded by this endorsement is not intended to satisfy the alternate employer's duty to secure its obligations under

2

No. 10-30031

workmen's compensation or any other similar laws. We will not file evidence of this insurance on behalf of the alternate employer with any government agency.

We will not ask any other insurer of the alternate employer to share with us a loss covered by the endorsement.

SNIC argued that Brown's allegation that Coastal and Horizon were both his employers should be interpreted as an allegation that: (1) Coastal was Brown's direct employer, and (2) Horizon was Brown's alternate employer. It follows, according to SNIC, that because Horizon was Brown's alternate employer, the above endorsement would require Seabright to defend Horizon.

Seabright refused to reimburse SNIC, arguing that the allegations in Brown's petition were not specific enough to trigger its duty to defend and, alternatively, that a separate exclusion in its policy absolved it of defending Horizon even if Horizon were Brown's alternate employer. The exclusion states that the Seabright policy does not cover:

11. bodily injury to your master and crew covered by a Protection and Indemnity Policy or similar policy issued to you or for your benefit. This exclusion applies even if the other policy does not apply because of another insurance clause, deductible or limitation of liability clause, or any similar clause or self-insured retention. This insurance does not apply as an excess to any other Protection and Indemnity policy or any other policy issued for your benefit.

Because Horizon maintained a Protection and Indemnity (P&I) policy with AEGIS covering the crew on its vessel, Seabright argued that the exclusion unambiguously freed it from any duty to defend Horizon. After Seabright refused to reimburse SNIC, SNIC and Horizon filed suit against Seabright in the district court to recover the attorney's fees SNIC spent in defending Horizon.

SNIC (and Horizon) and Seabright filed cross-motions for summary judgment. The district court granted SNIC's motion and denied Seabright's

No. 10-30031

motion, holding that Seabright was obliged to reimburse SNIC for sums it spent defending Horizon. The district court reasoned that Brown's allegation that both Coastal and Horizon were his employers was sufficient to assert a claim of alternate employer status under the policy's endorsement, thus triggering Seabright's duty to defend Horizon. The court further found that the Alternate Employer Endorsement and the P&I Exclusion in Seabright's policy were in conflict and created an ambiguity that had to be interpreted in favor of providing coverage for Horizon. Seabright lodged this appeal.

## II.

We review grants of summary judgment *de novo*. *Stewart v. Mississippi Transportation Company*, 586 F.3d 321, 327 (5th Cir. 2009). We will affirm the district court's judgment if no genuine issues of fact are presented and if judgment was proper as a matter of law. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir.1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The interpretation of an insurance policy is a question of law. *Diversified Group, Inc. V. Van Tassel*, 806 F.2d 1275, 1277 (5th Cir. 1987). The interpretation of a marine policy of insurance is governed by relevant state law, which in this case is Louisiana law. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 320-21 (1955).

## III.

Seabright argues first that the district court erred in finding that the allegations in Brown's complaint were sufficient to trigger coverage of Horizon under the Alternate Employer Endorsement contained in the Seabright MEL policy. Under the eight corners rule that persists in Louisiana,[1] an insured's

---

[1] *Am. Home Assurance Co. v. Czarniecki*, 255 La. 251, 268-69 (1969).

4

No. 10-30031

duty to defend arises whenever the suit filed against the insured discloses a possibility of liability under the policy.[2]

The complaint alleged that "Coastal . . . at all times pertinent . . . [was] the employer of David Brown." In a separate allegation, Brown's complaint alleged that "Horizon . . . at all times pertinent . . . [was] the employer of David Brown and/or the owner and/or operator of the [vessel]." The term "alternate employer" is not found in the complaint.

We conclude that we need not decide whether Brown's complaint should be read as sufficient to assert that Horizon was Brown's alternate employer so as to trigger coverage for Horizon under the Seabright policy. Assuming without deciding that Seabright's coverage of Horizon was invoked under the policy's Alternate Employer Endorsement, we conclude that Seabright's coverage of Horizon is nevertheless excluded under the P&I Exclusion in Seabright's policy.

The P&I Exclusion in Seabright's policy excludes coverage under that policy if the insured (Horizon) had a P&I policy in effect that covers claims for bodily injury by crew members aboard the vessel.[3]

It is uncontested that Horizon had a P&I policy in effect at the relevant time with AEGIS that covered claims for bodily injury to the crew aboard Horizon's vessel.[4]

The district court concluded that the Alternate Employer Endorsement in Seabright's policy that extended coverage to Horizon for Brown's claim conflicted

---

[2] *Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213, 1218 (La. 1994).

[3] "This insurance does not cover . . . bodily injury to your master and crew covered by a Protection and Indemnity Policy or similar policy issued to you or for your benefit. This exclusion applies even if the other policy does not apply because of another insurance clause, deductible or limitation of liability clause, or any similar clause or self-insured retention. This insurance does not apply as an excess to any other Protection and Indemnity policy or any other policy issued for your benefit."

[4] *See Appellees' Answers to Interrogatories and Responses to Request for Production of Documents and Request for Admissions*, p. 7 & Exhibit B, Filed Jan. 19, 2009.

with the P&I Exclusion, which purported to exclude coverage for the same claim. The district court reasoned that this created an ambiguity that it was required to resolve in favor of Horizon. The court, therefore, concluded that the P&I Exclusion did not defeat coverage under Seabright's policy.

SNIC argues first that the exclusion only applies to Coastal, Seabright's named insured, and the exclusion does not apply to additional insureds like Horizon. SNIC reasons that the exclusion only purports to exclude coverage for bodily injury to "your" master and crew covered by a P&I policy issued to "you" for "your" benefit. SNIC argues that it is plain that the "you" and "your" in the exclusion refer only to Coastal, the named insured, and do not exclude coverage to additional insureds who happen to have a P&I policy in effect. We disagree. The policy as originally issued was designed to insure Coastal as a named insured. But when endorsements such as the Alternate Employer Endorsement add additional insureds to the policy, these additional insureds enjoy the same benefits and are subject to the same restrictions as a named insured absent policy language to the contrary. *See Landerman v. Liberty Services, Inc.*, 637 So. 2d 809, 812-13 (La. App. 1 Cir. 1994). It is significant that the Alternate Employer Endorsement provides that "this endorsement will apply as though the alternate employer is an insured." We are therefore satisfied that Horizon is to be treated as an insured for these purposes and that the P&I Exclusion applies equally to Coastal and Horizon.

Our conclusion is supported by a Louisiana Court of Appeals decision involving an almost identical insurance policy coverage dispute. *Landerman*, 637 So. 2d 809. In that case, Landerman, like Brown, was injured while working on a vessel owned by an entity other than his payroll employer. The court found that the vessel owner was Landerman's alternate employer. The dispute narrowed to whether the alternate employer endorsement in the payroll employer's insurance policy required that insurer to defend the vessel owner

even though the same policy excluded coverage if the insured had a P&I policy in effect.

The Louisiana court dealt first with the vessel owner's argument that, as an additional insured, it should not be considered an "assured" under the P&I exclusion.  The court stated: "We hold that when a MEL or an EMEL policy does not specifically restrict the term 'assured' to the named insured and does not define the term 'alternate employer,' the alternate employer is considered to be an assured." *Id.* at 812. The court held that because the alternate employer was considered an insured it was excluded from coverage by the P&I Exclusion. *Id.* at 813.

The *Landerman* court then considered the vessel owner's argument that the following language in the alternate employer endorsement rendered the P&I exclusion inapplicable: "We will not ask any other insurer of the alternate employer to share with us a loss covered by this endorsement." *Id.*  SNIC makes this same argument in today's case based on identical language in Seabright's policy.  The *Landerman* court rejected the vessel owner's argument as follows:

> McDermott's reliance on the above provision is misplaced because that provision is clearly applicable only in the event of "a loss covered by [the] endorsement."  McDermott's loss is not a loss covered by the endorsement. As previously determined, McDermott, as an alternate employer, is an assured. Therefore, the P&I provision applies to McDermott, and McDermott is excluded from coverage under Liberty's EMEL policies.

The above holding by the Louisiana Court effectively rejects SNIC's argument that the Alternate Employer Endorsement and the P&I Exclusion are conflicting.  The Louisiana court found no such conflict.  To the contrary, it found:  (1) The vessel owner, as Landerman's alternate employer, was an insured, and (2) Because that alternate employer had a P&I policy in effect that covered its crew, coverage to the vessel owner was excluded by the P&I

No. 10-30031

Exclusion. The court reasoned that because the P&I Exclusion was triggered, the alternate employer's loss was not a loss covered by the Alternate Employer Endorsement. One federal district court sitting in Louisiana came to the same conclusion in a factually indistinguishable case. *See Storebrand Arendal A/S v. Point Marine, Inc.*, 1990 U.S. Dist. LEXIS 5937, *8-9 (E.D. La. 1990) (an alternate employer was an 'assured,' and coverage to the alternate employer was excluded by the P&I policy exclusion because the alternate employer had a P&I policy in effect).

## CONCLUSION

Based on a plain reading of the Seabright policy and the Louisiana authorities that have interpreted this language, we agree with Seabright that its policy did not afford coverage to Horizon for Brown's claim. Assuming without deciding that Brown's allegations were sufficient to trigger the Alternate Employer Endorsement, those allegations effectively make Horizon an additional insured under the Seabright policy. However, because Horizon had in effect a P&I insurance policy that covered the crew working on the M/V AMERICAN HORIZON, the P&I Exclusion in Seabright's policy excludes coverage to Horizon. For these reasons we reverse the summary judgment entered by the district court and render judgment in favor of Seabright.

REVERSED AND RENDERED.