## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20279

TERRY STEWART,

       Plaintiff - Appellant

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS; DISTRICT 19, INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,

       Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1391

Before BARKSDALE, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:*

For his employment retaliation and discrimination claims, Terry
Stewart asserts, *inter alia*: summary judgment was improperly granted
against the former; and evidentiary rulings resulted in an unfair trial for the
latter. AFFIRMED.

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 15-20279

I.

Stewart, a black male, works for Union Pacific Railroad, and is a member of the International Association of Machinists and Aerospace Workers (IAM), and its affiliates, Local Lodge 2198 and District Lodge 19. He was elected chairman of Lodge 2198, and was a member of District 19's executive board.

In 2011, Duncan, a white male, interviewed Stewart for a district-level general-chairman position (GC). After Duncan recommended, and the executive board awarded, the position to a white male that September, Stewart: wrote IAM in October, asking why District 19 had never selected a black GC; and, in December, filed a race-discrimination charge with the EEOC. Earlier, in November, Lodge 2198 members began filing complaints about Stewart's leadership. In April 2012, following investigation, GC Jeff Doerr filed charges with the union against Stewart, pursuant to union bylaws, and Duncan suspended Stewart from his union offices.

That July, one year prior to Stewart's union disciplinary proceeding (union proceeding), Duncan resigned due to financial misconduct. In August 2013, Stewart supplemented his EEOC complaint, claiming: the union charges were retaliatory; and he did not receive a fair union proceeding. One month later, the union-proceeding committee found Stewart committed various acts of misconduct, and disqualified him from holding office for five years.

Stewart filed this action against IAM and District 19 (the unions), claiming race discrimination and retaliation, in violation of Title VII and 42 U.S.C. § 1981. The unions counterclaimed for, *inter alia*, breach of fiduciary duty. The parties' cross-motions for summary judgment were granted on all claims except: Stewart's discrimination claim against District 19; and, two of the unions' fiduciary-duty counterclaims. On the final day of trial, the unions dismissed their counterclaims with prejudice. The jury found for District 19 on Stewart's discrimination claim, and his new-trial motion was denied.

2

No. 15-20279

II.

Stewart maintains the court erred in awarding summary judgment against his retaliation claim, and in making evidentiary rulings during the trial of his discrimination claim. As discussed *infra*, because those challenges fail, his contention that IAM is liable as his employer (and, therefore, that, *inter alia*, summary judgment was improperly granted on his discrimination claim against it) need not be considered.

A.

The summary judgment against the retaliation claim is reviewed *de novo*. *E.g.*, *Cal-Dive Int'l, Inc. v. Seabright Ins. Co.*, 627 F.3d 110, 113 (5th Cir. 2010). To establish a *prima facie* case of retaliation, Stewart must show, *inter alia*, he engaged in "protected activity [that] was a but-for cause of the alleged adverse action by the employer". *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). If he cannot show the decision maker harbored retaliatory animus, he may impute it via the "cat's paw" theory by "establish[ing] that the person with a retaliatory motive somehow influenced the decisionmaker to take the retaliatory action". *Zamora v. City of Hous.*, 798 F.3d 326, 331 (5th Cir. 2015), *petition for cert. filed*, 84 U.S.L.W. 3409 (U.S. 4 Jan. 2016) (No. 15-868).

Stewart fails to show a genuine dispute of material fact for whether his claimed protected conduct (the October 2011 letter to IAM and filing the EEOC charge) was the but-for cause of the union charges against him (and the resulting loss of his union positions). Although he contends the court overlooked some evidence about Duncan's animus, the summary-judgment record does not show Duncan: made the charging decision; or had influence over Doerr or the union-proceeding committee. Accordingly, Stewart's "subjective beliefs and conjecture" fail to create the requisite genuine dispute. *Crawford v. City of Hous. Tex.*, 260 F. App'x 650, 655 (5th Cir. 2007).

No. 15-20279

B.

For the discrimination claim against District 19, the four challenged evidentiary rulings at trial are reviewed "under a deferential abuse-of-discretion standard"; erroneous rulings warrant reversal only where they affect a party's substantial rights ( constitute harmful error). *Aransas Project v. Shaw*, 775 F.3d 641, 655 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2859 (22 Jun. 2015).

1.

Stewart contests the admission of an IAM letter detailing the outcome of his union proceeding.  Even assuming error, Stewart cannot show it was harmful:  the court gave him the opportunity to redact the letter before it would be submitted to the jury during its deliberations, but he did not do so; and, he later introduced much of the letter's factual contents to the jury through his own questioning. *See Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 381 (5th Cir. 2012).

2.

Stewart next asserts his cross-examination of a Lodge 2198 member was improperly constrained, because Stewart was not allowed to impeach him with conduct unrelated to the discrimination claim.  But, the excluded evidence was arguably irrelevant and therefore could not constitute an abuse of discretion. *E.g.*, *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976).  Even assuming error, Stewart, by his own admission to the district judge at sidebar, had "already shown that [the union member] was wrong on many things".  "The exclusion of cumulative testimony is harmless." *Sanford v. Johns-Manville Sales Corp.*, 923 F.2d 1142, 1148 (5th Cir. 1991).

3.

In maintaining the court abused its discretion by mentioning before the jury Stewart's dismissed retaliation claim, he fails to show an abuse of

4

No. 15-20279

discretion, because the court instructed the jury multiple times that it was the sole judge of the facts, and to disregard the court's statements in arriving at a verdict. *Turlington v. Phillips Petroleum Co.*, 795 F.2d 434, 443 (5th Cir. 1986).

4.

Stewart contends the court wrongfully precluded him from presenting evidence related to Duncan's financial misconduct. But, as discussed *supra*, exclusion of irrelevant evidence does not constitute an abuse of discretion. *Pena*, 542 F.2d at 294.

5.

To the extent Stewart asserts cumulative error warrants reversal, for the reasons stated above, he fails to show any reversible error. Moreover, even assuming errors, Stewart fails to show they "so fatally infect the trial that they violated [its] fundamental fairness". *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (quoting *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007)).

C.

Finally, although Stewart challenges the adverse summary judgment on his discrimination claim against IAM, his contentions turn on IAM's being his claimed employer. Stewart concedes "District 19 initiated . . . the discrimination . . . against Stewart", and states he named IAM as a defendant "under well-established law that exposes superficially distinct entities to liability upon a finding that they represent a single, integrated enterprise". Therefore, because his claims of harmful error at trial fail, as discussed *supra*, there is no underlying liability to impute to IAM for claimed discrimination. In any event, his employer-liability claim fails, essentially for the reasons stated in the comprehensive and well-reasoned recommendation by the magistrate judge, as adopted by the district court.

No. 15-20279

III.

For the foregoing reasons, the judgment is AFFIRMED.