# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20261
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2017

Lyle W. Cayce
Clerk

NAUTILUS INSURANCE COMPANY,

      Plaintiff - Appellee

v.

IRMA MIRANDA-MONDRAGON,

      Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2881

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Nautilus Insurance Company brought a declaratory judgment action against its insured Houston Star Security Patrol and against Irma Miranda-Mondragon. Nautilus argued that it owed no duty to defend or indemnify Houston Star regarding the claim brought by Miranda-Mondragon. The district court granted summary judgment to Nautilus. We AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20261

FACTUAL AND PROCEDURAL BACKGROUND

Irma Miranda-Mondragon was working as a waitress at a nightclub when armed gunmen entered and began shooting at patrons and employees. Miranda-Mondragon was shot in her chest and required significant medical treatment for her injuries.

Miranda-Mondragon filed a lawsuit in Texas state court against the nightclub's operators, Gustavo Alvarez and Huetamo Enterprises Incorporated. She later amended her complaint to include Houston Star Security Patrol as a co-defendant. Miranda-Mondragon alleged that Houston Star was the "security company on duty" the night she was shot and was negligent "in not providing adequate security for" her. Houston Star was served with process but did not make an appearance.

On June 10, 2016, the state court granted Miranda-Mondragon's motion for default judgment against Houston Star. Six weeks later, Miranda-Mondragon's counsel sent a letter to Houston Star's insurer, Nautilus Insurance Company. The letter contained a copy of the default judgment rendered against Houston Star and sought from Nautilus "a resolution, and payment of the judgment amount."

Nautilus responded by filing for a declaratory judgment in the United States District Court for the Southern District of Texas. Nautilus sought a determination that it owed no duty to defend or indemnify Houston Star for the claim Miranda-Mondragon had brought against Houston Star. Although Nautilus named Miranda-Mondragon and Houston Star as defendants, Nautilus was unable to serve Houston Star. That company has never made an appearance.

Nautilus and Miranda-Mondragon later filed cross-motions for summary judgment. The district court held a hearing on the motions and then entered

2

a final judgment granting Nautilus's motion and denying Miranda-Mondragon's.

The district court first found that Nautilus had not received notice of the initial lawsuit until over 40 days after the state court entered a default judgment against Houston Star. The district court concluded that under Texas law, such a delay by an insured in providing notice of a suit resulted in Nautilus having no duty either to defend Houston Star in the lawsuit or to indemnify its insured for the default judgment. The absence of timely notice also meant Miranda-Mondragon could not recover against Nautilus.

The district court alternatively held that even if Houston Star had provided Nautilus with timely notice, Miranda-Mondragon could still not recover against Nautilus because her claim was excluded from Houston Star's insurance policy. We do not address this second part of the district court's judgment because we affirm as to the first part.

Miranda-Mondragon timely appealed.

## DISCUSSION

We review *de novo* a district court's summary judgment ruling. *Aldous v. Darwin Nat'l Assurance Co.*, 851 F.3d 473, 477 (5th Cir. 2017). When there are competing motions, we address "each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 745 (5th Cir. 2009). "We will affirm the district court's judgment if no genuine issues of fact are presented and if judgment was proper as a matter of law." *Cal-Dive Int'l, Inc. v. Seabright Ins. Co.*, 627 F.3d 110, 113 (5th Cir. 2010).

Miranda-Mondragon contends that genuine issues of fact are present. There is no factual dispute, though, that Nautilus first received notice of the lawsuit when counsel sent a letter to Nautilus over 40 days after the state court

No. 17-20261

entered default judgment against Houston Star.  Settled Texas law provides: "Compliance with the notice of suit provision is a 'condition precedent to the insurer's liability on the policy.'"  *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173–74 (Tex. 1995) (quoting *Weaver v. Hartford Accident & Indem. Co.*, 570 S.W.2d 367, 369 (Tex. 1978)).  "[W]hen an insurer first receives notice of a suit after a default judgment has been entered, prejudice exists as a matter of law."  *Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.*, 690 F.3d 342, 350 (5th Cir. 2012) (citing *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 166 (Tex. 1993)).  Such prejudice "relieves the insurer of liability under the policy." *Cruz*, 883 S.W.2d at 165.

The insurance policy here contained a notice of suit provision requiring Houston Star to notify Nautilus "as soon as practicable . . . [i]f a claim is made or 'suit' is brought against" it and "[i]mmediately [to] send [Nautilus] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'[.]"

The first notice Nautilus received of the lawsuit came from Miranda-Mondragon's counsel 41 days after the state court entered default judgment against Houston Star.  The delayed notice prejudiced Nautilus as a matter of law and relieved Nautilus of liability under the policy.  *See Berkley*, 690 F.3d at 350; *Cruz*, 883 S.W.2d at 165.

AFFIRMED.