498 F.2d 1065
 UNITED STATES of America, Plaintiff-Appellee,
v.
Adam Alex LAWRANCE, Defendant-Appellant.
 No. 74-1263 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
 
 431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Aug. 21, 1974.
 D. Douglas Howard, Jr., New Orleans, La. (Court-appointed), for defendant-appellant.
 Gerald J. Gallinghouse, U.S. Atty., George P. Hand, Jr., Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Appellant was found guilty of distribution of heroin in violation of 26 U.S.C. 4705(a) and 4704(a). He raises three issues on appeal. We affirm.
 
 
 2
 Appellant's objections to witness testimony and questions of the prosecutor were cured of any prejudicial effect by immediate jury instructions. See Undited States v. Frost, 5 Cir., 1970, 434 F.2d 607.
 
 
 3
 The scope and bounds of cross-examination rest within the sound discretion of the trial judge. See Gordon v. United States, 5 Cir., 1971,438 F.2d 858. Here, the trial court did not abuse its discretion.
 
 
 4
 The issue of defendant's sanity was properly submitted to the jury. See Blake v. United States, 5 Cir., 1969, 407 F.2d 908. Evidence was presented on both sides of the issue by physicians and laymen, and the jury made the determination that defendant was legally sane. The district court was correct in refusing to grant a directed verdict of acquittal on the basis of defendant's alleged insanity. See United States v. Hernandez, 5 Cir., 1971, 438 F.2d 676.
 
 
 5
 Affirmed.