UNITED STATES of America,
Plaintiff-Appellee,

v.

Francene Wilson ISAACS and Isaac
Washington, Defendants-Appellants.

No. 75–1401
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 25, 1975.

Melvyn Kessler, Miami, Fla. (Court appointed), for Isaacs.

James J. Hogan, Miami Beach, Fla. (Court appointed), for Washington.

Robert W. Rust, U. S. Atty., Joel C. Fanning, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellants Isaac Washington and Francene Wilson Isaacs seek reversal of their convictions for conspiracy, possession and distribution of cocaine. They argue the court erred in admitting certain evidence, in excluding other evidence, in not granting a severance or mistrial for Washington, and in not granting Isaacs' motion for acquittal as to the conspiracy count. We have re-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

viewed these contentions and found them to be without merit. We affirm.

The two appellants along with a third person were indicted for conspiracy to distribute, possession and distribution of cocaine. On August 30, 1974, Drug Enforcement Administration Agents Williams and Andrejko, accompanied by a confidential informant, Ken Cain, met with Francene Wilson Isaacs. She stated the cocaine transaction would be delayed, that her man was doing another deal, but supplied Cain with two samples of cocaine. On Sept. 5, Agents Williams and Heyman, along with Cain returned to Ms. Isaacs apartment. They were met there by appellant Washington. Washington told Williams the cocaine was nearby, and as soon as Francene got there he would go get it. He apologized for the delay, and stated that the cocaine was Columbian. Francene returned and Washington left. She stated to Williams that she worked for Washington as a prostitute. Various meeting places were tried, and rejected but Washington did give Williams a sample of the coke in a gum wrapper. Finally, Williams went back to Ms. Isaacs' apt., where she handed him a plastic bag containing about one pound of cocaine.

At trial, the government's chief witness, Agent Williams, testified that Ms. Isaacs had told him she worked for Washington. This was objected to but overruled. Ms. Isaacs' counsel on cross then asked what she did for Washington. This was objected to, but again overruled. Williams stated that she told him she was a prostitute for Washington. A question as to the length of her employment was deemed irrelevant and the objection was sustained. Washington argues all this testimony was prejudicial to him, denied him his Sixth Amendment rights, and that he should have been severed. Ms. Isaacs also objects to the testimony, and argues the motion for acquittal should have been granted as to the conspiracy count.

 The rule in this circuit has long been that the trial court's rulings as to the relevancy and materiality of evidence will not be disturbed absent a clear showing of an abuse of discretion. United States v. Mora, 5 Cir., 1975, 510 F.2d 383; United States v. Calles, 5 Cir., 1973, 482 F.2d 1155. Washington objected to the testimony that Ms. Isaacs worked for him as a prostitute, and now argues the jury was prejudiced by the fact that she was a white woman working for him, a black man. The court specifically instructed the jury was not to consider the testimony against Washington. When Ms. Isaacs sought to introduce testimony as to how long the relationship had existed the court sustained Washington's objection as to irrelevancy and immateriality. Considering the testimony in its trial context, with the relevant instructions, we cannot say that the trial court abused its discretion in admitting the testimony, or that the testimony prejudiced Washington's right of confrontation. The court was correct in denying Washington's motion for a mistrial or severance. The instructions given by the court corrected any error. See United States v. Lawrance, 5 Cir., 1974, 498 F.2d 1065.

 Ms. Isaacs argues the court should have granted her motion for acquittal based on the lack of evidence as to a conspiracy. The test for a motion for acquittal was stated in United States v. Warner, 5 Cir., 1971, 441 F.2d 821, whether a reasonably-minded jury taking the view most favorable to the government could accept the relevant evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. In *Warner* we also set out the essential elements of a conspiracy; an agreement by two or more persons to commit an offense against the United States, and an overt act by one of them in furtherance of the conspiracy.

 Here the evidence shows that Drug Enforcement Administration agents met with Ms. Isaacs at her apartment. She stated the cocaine deal would be delayed because her man was doing another deal. The agents met with Washington at Ms. Isaacs' apartment and discussed the deal. He stated it

would take place as soon as she got back. Later he distributed cocaine to the agents in the form of a sample. He directed the agents back to Ms. Isaacs' apartment where the actual distribution took place when Ms. Isaacs gave the pound of coke to Agent Williams. This was adequate evidence from which the jury could infer that a conspiracy occurred.

A review of the record reveals no errors of law. The convictions and sentences are affirmed.