**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack Wilford BASS, Jr., Defendant-Appellant.**

**No. 77–5111.**

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1977.

---

Charles W. Tessmer, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Judith A. Shepherd, Stafford Hutchinson, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, Circuit Judge, SKELTON, Senior Judge,* and HILL, Circuit Judge.

PER CURIAM:

Defendant-appellant Bass was convicted of participation in a conspiracy to pass forged payroll drafts in violation of 18 U.S.C. §§ 2314 and 371. On appeal he contended that the government's evidence failed to establish his participation in the alleged conspiracy, that the government charged one but proved two conspiracies, that the indictment was fatally flawed because it charged interstate transportation of forged "payroll checks" while the prosecution proved the transportation of forged "sight drafts", that the jury charge fatally amended the indictment, and that the trial court erred in admitting evidence of co-conspirators' guilty pleas. We find no merit in any of these contentions and affirm the conviction.

* Senior Judge of the United States Court of Claims, sitting by designation.

The government's case established a conspiracy to pass what purported to be the payroll checks of local trucking companies.[1] Although Bass was not an initiator of the scheme, the government's evidence showed that once he was recruited for the operation, he told others how to become involved, drove them to liquor stores to cash the checks and shared in the proceeds. Bass does not challenge the conspiracy's existence, but asserts that the evidence was insufficient to connect him with the conspiracy. While mere knowledge of a conspiracy is not sufficient to hold an alleged co-conspirator a culpable participant, *Roberts v. United States*, 416 F.2d 1216 (5 Cir. 1969), an individual whose actions clearly and unmistakably furthered the conspiracy may be connected to that conspiracy, once it is established, by slight evidence, *United States v. Trevino*, 5 Cir. 1977, 556 F.2d 1265; *United States v. James*, 528 F.2d 999, 1099 (5 Cir. 1976); *United States v. Warner*, 441 F.2d 821 (5 Cir.), *cert. denied*, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971); *Lopez v. United States*, 414 F.2d 909 (5 Cir. 1969). In light of this rule, the evidence to connect Bass with the conspiracy was more than sufficient.

Bass also contended that his conviction should be set aside because the government charged one but proved two conspiracies. The government's evidence showed a central group of counterfeiters and several groups of check cashers. This circuit has recognized that the character of the property and the nature of the criminal scheme involved dictate the existence of single or multiple conspiracies. *United States v. Morrow*, 537 F.2d 120, 126 (5 Cir. 1976). The government proved a single scheme which evidenced a series of check cashings rather than unconnected "one shot" efforts. *See United States v. Perez*, 489 F.2d 51 (5 Cir. 1973).

Bass's third argument that the indictment was fatally defective because it charged the forgery and passing of payroll checks although the companies involved actually paid their employees with sight drafts is also meritless. Applying the traditional tests for sufficiency of the indictment, *United States v. London*, 550 F.2d 206 (5 Cir. 1977), Bass was fairly apprised of the charges facing him. Whether the securities were checks or sight drafts, their illicit manufacture and use by the defendants was covered by 18 U.S.C. § 2314. The hyper-technical distinction between sight drafts and checks could not have mislead the defendants concerning the charge facing them, nor do they have legitimate double jeopardy complaints.[2]

Finally Bass seeks to set aside his conviction on the ground that the introduction of the prior guilty pleas of his codefendants was plain error. The test in this circuit is whether such evidence was admitted for proper evidentiary purposes such as impeachment, whether there was improper emphasis or use of the pleas as substantive evidence, whether the defense counsel invited the error, the presence or absence of objections, whether the failure to object was a matter of trial tactics, and whether the admission was harmless error. *United States v. King*, 505 F.2d 602 (5 Cir. 1974). While the court has been sensitive to the admission of prior guilty pleas over repeated objections, *United States v. Fleetwood*, 528 F.2d 528 (5 Cir. 1976), we have found plain error in only one such case. *United States v. Harrell*, 436 F.2d 606 (5 Cir. 1970). After a careful examination of the record,[3] we conclude that in this case

---

1. The organizers of the conspiracy forged the payroll drafts of trucking companies in the Dallas area. They also manufactured false identification for others who then took the forged drafts to area liquor stores, purchased a minimal amount of merchandise and cashed their forged drafts.

2. Bass asks the court to make the same technical distinction with regard to the jury charge. Bass complains that the jury could have found the sight drafts were securities, because the trial court's definition of securities included "other evidence of indebtedness". Since sight drafts are securities under 18 U.S.C. § 2314, there was no plain error in the jury charge.

3. Our standard of review is clearly circumscribed by the plain error rule. Although the government elicited the prior guilty pleas from

there was no plain error in the admission of the prior guilty pleas. The conviction is AFFIRMED.

its own witnesses, that circumstance is only one consideration in determining whether the admission was improper. The defense counsel raised no objection to the solicitation of the plea. Moreover defense counsel himself brought out the pleas on cross-examination. While we continue to recognize the defendant's right to have the question of his guilt determined upon the evidence against him, and not on whether a codefendant has pled guilty to the same charge, *Babb v. United States*, 218 F.2d

538, 542 (5 Cir. 1955), under the limited circumstances of this case the trial court did not commit plain error.

