**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Andrew GLASSMAN,
Defendant-Appellant.**

No. 76–3137.

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1977.

Rehearing Denied Dec. 22, 1977.

Maurice T. Hattier, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Robert J. Boitmann, George Simno, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before GOLDBERG and FAY, Circuit Judges, and DUMBAULD,* District Judge.

* District Judge for the Western District of Pennsylvania, sitting by designation.

FAY, Circuit Judge:

■ Appellant, Robert Andrew Glassman, appeals his conviction by a jury of one count of knowingly causing the interstate transportation of obscene matters under 18 U.S.C. § 1462[1] and 18 U.S.C. § 2[2] and was sentenced to serve a two-year term of imprisonment. He raises numerous issues on appeal all of which we find to be totally without merit and therefore affirm. The first two assignments of error suggest the trial court abused its discretion in denying appellant's motions for a bill of particulars and for production and discovery. In both cases they were not blanket denials. The court carefully considered each question submitted for the bill of particulars and each request for discovery. We find there was no abuse of discretion in either case.[3]

Appellant next contends the indictment itself failed to state the essential elements of the offense and therefore should have been dismissed. The language of the indictment reads as follows:

Count I

On or about June 17, 1975, in the Eastern District of Louisiana, ROBERT ANDREW GLASSMAN and WILLIAM NORTON MUSICK, did knowingly bring or[4] cause to be brought into New Orleans, Louisiana, from the State of Florida, by means of a common carrier, obscene, lewd, lascivious and filthy matter of an indecent character, to wit: 16 mm reels of film . . . depicting various acts . . . all in violation of Title 18 United States Code, Sections 1462 and 2.

■ Appellant's argument with respect to this issue reads as follows:

"The indictment, as amended, is an attempt to charge Title 18, Section 2 as a distinct substantive crime which it is not. Section 2(b) of Title 18 is only an interpretation statute allowing punishment as a principle (SIC) for the substantive offense. Whereas the essential element of Section 1462 is that of "uses" which is not charged in this indictment. In fact, it is the element which was interlined out. The word "bring" would have been able to be construed as, or possible as, "uses" but not caused to be brought." Appellant's brief p. 21.

This argument is based on an incorrect premise. Defendants can be charged under 18 U.S.C. § 2(b) under which a defendant ". . . causes an act to be done . .", that act being a violation itself of another statute, in this case, 18 U.S.C. § 1462. See, e. g., *United States v. Maselli*, 534 F.2d 1197 (6th Cir. 1976); *United States v. Salliey*, 360 F.2d 699 (4th Cir. 1966).

1. § 1462 Importation or transportation of obscene matters
    Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—
    (a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character; or
    (b) any obscene, lewd, lascivious, or filthy phonograph recording, electrical transcription, or other article or thing capable of producing sound; or . . .
    Whoever knowingly takes from such express company or other common carrier any matter or thing the carriage of which is herein made unlawful—
    Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter.

2. § 2 Principals
    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

3. Recent Fifth Circuit decision re:
    1. Bill of Particulars: See *United States v. Mackey*, 551 F.2d 967 (5th Cir. 1977); *United States v. Sherriff*, 546 F.2d 604 (5th Cir. 1977); *United States v. Pena*, 542 F.2d 292 (5th Cir. 1976).
    2. Discovery: See *United States v. Ross*, 511 F.2d 757 (5th Cir. 1975) *cert. denied* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975).

4. The indictment was amended by government motion to delete the words "bring or" from the indictment without resubmitting it to the grand jury.

■ Another issue which we find necessary to discuss briefly is whether the trial court could properly delete the words "bring or" from the indictment without resubmission to the grand jury. The Supreme Court in *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), held that in federal courts an indictment may not be amended except by resubmission to the grand jury unless the change is merely a matter of form. Subsequent cases out of this circuit have not interpreted this as restricting deletion of surplusage from indictments.[5] Therefore, we find this was not an amendment. The deletion eliminated one of the alternatives specified in the statute and added nothing to the indictment. The remaining allegation charged an offense under 18 U.S.C. §§ 1462 and 2.

Appellant next urges this Court a new trial is necessary for the failure of the district court to grant his Motion for Production and Inspection (prior to trial) of Grand Jury Minutes and the failure to grant his Motion to Dismiss the Indictment on the ground that an unauthorized person was present at the grand jury proceeding that led to his indictment.

■ The Motion for Production was properly denied. The Supreme Court has held that the decision to disclose the grand jury minutes prior to trial[6] is "committed to the discretion of the trial judge" and "[t]he burden . . . is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399, 400, 79 S.Ct. 1237, 1240, 1241, 3 L.Ed.2d 1323 (1959). Appellant has shown no 'particularized need' of merit and we, therefore, find no abuse of discretion.

■ Two witnesses appeared before the grand jury in this case. One was Special Agent Cox and the other was a confidential informant not identified. Agent Cox spent several days after testifying operating the movie projector showing the films confiscated from Mr. Glassman to the grand jury. Under the decision of *United States v. Echols*, 542 F.2d 948 (5th Cir. 1976), which raised this same issue we find this assignment to be without merit.

The next issue appellant raises is whether the trial court erred in denying another Motion to Dismiss the Indictment submitted on numerous issues. Appellant first suggests the statute in question, 18 U.S.C. § 1462, is unconstitutional in light of the First, Fourth, Fifth and Sixth Amendments to the Constitution of the United States as applied and construed by the Government in that the materials seized were not obscene as a matter of law. Appellant cites no authority for his proposition and does not argue the proposition beyond its mere statement. Determination of the obscenity issue could have been made at an adversary hearing. *Heller v. New York*, 413 U.S. 483, 492, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973). Appellant failed to request such a hearing. The denial of the motion as set forth was not clearly erroneous.

The second part of the constitutionality issue suggests the indictment was facially unconstitutional because it was in the "disjunctive" and failed to permit appellant to defend against a single criminal charge in a single count, to properly prepare his defense therefore, and to plead judgment of acquittal or conviction as a bar against any future or further charges arising out of these circumstances. Upon receipt of this motion the government moved to strike the phrase "bring or" which was granted and left a single charge not in the disjunctive. We have already discussed and affirmed this action above and found this argument without merit.

---

5. *United States v. Prior*, 546 F.2d 1254 (5th Cir. 1977). *United States v. Musgrave*, 483 F.2d 327 (5th Cir. 1973), *cert. denied* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973) and *Womack v. United States*, 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973); *Thomas v. United States*, 398 F.2d 531 (5th Cir. 1967); *Marsh v.* *United States*, 344 F.2d 317 (5th Cir. 1965); *Overstreet v. United States*, 321 F.2d 459 (5th Cir. 1963), *cert. denied* 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614 (1964).

6. The production of grand jury minutes during trial is governed by 18 U.S.C. § 3500.

■ The Motion to Dismiss also argued that the indictment failed to charge scienter and was therefore facially unconstitutional. Appellant suggests scienter requires knowledge by him of the obscene character and contents of the films transported but that is not the case. Knowledge of the sexual orientation of the films is sufficient.[7] It is not necessary that the indictment charge scienter. It is only required that the government prove a defendant's knowledge of the nature of the materials and that the court properly instruct the jury of that element of the offense. We find the indictment is sufficient and a review of the record shows the trial judge correctly charged the jury.[8]

During the trial appellant offered the testimony of Rita Thorpe whose ex-husband, Robert Thorpe, was the prosecution's key witness. Rita Thorpe's testimony according to appellant was offered to show that Robert Thorpe was working for the government and his actions resulted in appellant's "entrapment". The witness, as obvious from the record, had difficulty understanding the questions presented to her and expressing her answers. During her testimony the trial judge gave the following instruction to the jury:

THE COURT I want to instruct the jury, at this point, that evidence that at some other time a witness not a party to the action has said or done something, which is inconsistent with the witness' testimony at the trial, may be considered solely for the purpose of judging the credibility of the witness but may never be considered as evidence or proof of the truth of any such statement.

Therefore, any testimony in this case by Rita Thorpe that her husband, Robert Thorpe, at some time prior to trial made statements to her or did something inconsistent with his testimony as a witness in this case, may be considered by you only as bearing upon the credibility of Robert Thorpe as the witness and not as evidence of the action attributed to him or as proof of the truth of the statement he is supposed to have made.

Appellant believes this to be an unfair comment on the evidence and the weight to be given Rita Thorpe's testimony. *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); *United States v. Hill*, 496 F.2d 201 (5th Cir. 1974); *United States v. Cisneros*, 491 F.2d 1068 (5th Cir. 1974).

■ Appellant's view of the trial judge's statement is mistaken. The judge was merely instructing the jury that prior inconsistent statements elicited from one witness about another are hearsay and unless the statement falls within an exception to the hearsay rule it is only admissible for purposes of impeachment and not for the truth of the matter asserted. Although not requested by the government, the trial judge's instruction was a proper statement of the law and appellant's objection to it on that ground is meritless.[9]

■ Appellant also contends reversible error was committed by the trial judge in failing to instruct the jury on entrapment and in not allowing defense counsel to argue that issue to the jury. After reviewing the record we find the trial judge was not clearly erroneous in his ruling; the record contained no evidence that the Government entrapped appellant but did contain evidence appellant was predisposed to act as he did.[10]

7. *United States v. Thevis*, 490 F.2d 76, 77 (5th Cir. 1974). See also *United States v. Hill*, 500 F.2d 733, 740 (5th Cir. 1974).

8. In this same Motion to Dismiss appellant raised several more questions concerning the validity of the indictment. We find each of those to be devoid of merit.

9. We also find no error in giving this instruction during the testimony of Rita Thorpe. Her obvious hearsay statements could only be ad-

missible for impeachment purposes, as instructed, and making this known to the jury at that time did not reflect on Rita Thorpe's credibility but rather assisted the jury.

10. Appellant's suggestion that the court's requirement that requested instructions be submitted before trial prejudiced this case because the denial of his requests for entrapment instructions left him without a defense is without merit. Appellant's counsel at no time attempted to request any other instruction and at oral

On the issue of whether the film "Bob, Carol, Ted and Alice",[11] the only film shown to the jury, was obscene under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), after viewing the film in its entirety, we as did the jury below, find the film is obscene under the *Miller* standard.

Finding appellant has raised no issues of merit we affirm.

AFFIRMED.

argument appellate counsel could not suggest to this court any other defense instruction that could have been given based upon the evidence received.

11. Not to be confused with that movie with the same title shown nationally and released by Columbia Pictures.