**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Robert S. LIUZZO, Louis J. Ragonese, Defendants-Appellees.**

No. 83–5518.

United States Court of Appeals, Eleventh Circuit.

Aug. 15, 1984.

Rehearing Denied Sept. 13, 1984.

Stanley Marcus, U.S. Atty., Robert J. Lehner, Sp. Atty., U.S. Dept. of Justice, Miami Strike Force, Miami, Fla., William C. Bryson, Appellate Section, Washington, D.C., for plaintiff-appellant.

Geoffrey C. Fleck, Weiner, Robbins, Tunkey & Ross, P.A., Miami, Fla., for Liuzzo.

Joel Hirschhorn, Miami, Fla., for Ragonese.

Before TJOFLAT and CLARK, Circuit Judges, and GOLDBERG *, Senior Circuit Judge.

TJOFLAT, Circuit Judge:

In this criminal prosecution, the district court entered a pretrial discovery order

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

requiring the government to hand over to the defendants all materials obtained by the grand jury during its investigation of defendants, including the testimony of all persons who testified before the grand jury. The government refused to comply with the court's order; the court imposed sanctions, barring the government's use at trial of the testimony of any witness who had testified before the grand jury; and the government took this appeal. Finding that the district court's discovery order was overbroad and an abuse of discretion, we reverse that order, vacate its order imposing sanctions, and remand the case for further proceedings.

## I.

Robert S. Liuzzo and Louis J. Ragonese were indicted on October 8, 1982, by a federal grand jury in the Southern District of Florida. The indictment charged them with racketeering, in violation of 18 U.S.C. § 1962(c) (1982), and conspiring to engage in racketeering, in violation of 18 U.S.C. § 1962(d) (1982). In addition, Liuzzo was charged with conspiracy to import marijuana, in violation of 21 U.S.C. § 963 (1982), two counts of importation of marijuana and quaaludes, in violation of 21 U.S.C. § 952 (1982), and two counts of possession of marijuana and quaaludes with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1982). Ragonese was charged with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (1982), three counts of conspiracy to import cocaine and marijuana, in violation of 21 U.S.C. § 963 (1982), importation of marijuana, in violation of 21 U.S.C. § 952 (1982), six counts of possession of marijuana, quaaludes, and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1982), and conspiracy to obstruct justice, in violation of 18 U.S.C. §§ 371, 1503 (1982).

Prior to trial, Liuzzo filed a motion for the production of certain allegedly exculpatory information in the government's possession. Specifically, Liuzzo's counsel argued that, based on interviews he had held with two persons who had testified before the grand jury, he believed that their grand jury testimony would be helpful to Liuzzo. In addition, counsel asserted that he had information suggesting that other grand jury witnesses had given testimony that shed doubt on the credibility of the allegations of Anthony P. Carbonia, one of the principal government witnesses. Liuzzo moved the court to order the production of all evidence favorable to the defense, including grand jury testimony.

On May 16, 1983, the magistrate issued a discovery order that went beyond Liuzzo's motion. In addition to the exculpatory evidence that Liuzzo had requested, the magistrate recommended that the government be required to produce in advance of trial *all* grand jury material pertaining to this case. The government appealed the magistrate's decision to the district court. When the district court entered an order adopting the magistrate's ruling as written, the government moved the court for a reconsideration and clarification of that order. The court denied the government's motion without elaboration.

The government then advised the district court that it intended to resist the discovery order, and it asked the court to impose sanctions so that it could take an appeal to this court. The government advised the court that it did not intend to seek review of the portion of the court's order requiring it to produce materials favorable to the defense and that it would promptly furnish all exculpatory material to counsel for the defendants.

The district court agreed to impose sanctions, as requested by the government. The court ordered that, if the government failed to turn over the grand jury materials in advance of trial, the court would exclude from evidence at trial the testimony of all government witnesses whose grand jury testimony was not produced. In addition, the court ordered that it would suppress from use for impeachment the grand jury testimony of all witnesses who might testify for the defense at trial. The government then took the present appeal under

the Criminal Appeals Act. 18 U.S.C. § 3731 (1982).

## II.

In deciding this appeal we are faced with two questions. First, did the district court violate the Jencks Act, 18 U.S.C. § 3500 (1982),[1] in ordering the government to provide transcripts of the testimony of prospective government witnesses prior to trial? Second, did the district court abuse its discretion under Rule 6(e) of the Federal Rules of Criminal Procedure in ordering the disclosure of all the grand jury materials? We will address each of these questions in turn.[2]

## A.

The Jencks Act embodies two separate themes. On the one hand, subsection (a),

see *supra* note 1, states that *"no statement"* of a prospective government witness is subject to discovery or subpoena until that witness testifies at trial. On the other hand, subsections (b) and (c) of the Act delineate the circumstances under which portions of witness statements must be delivered by the government to the defendant. Subsection (d) provides the sanctions that the government will suffer if it fails to comply with court orders under subsections (b) and (c). Finally subsection (e) defines the term "statement" as it is used in subsections (b), (c), and (d). This definition of statement is somewhat restrictive. Nonetheless, it includes statements made to a grand jury. The definition of statement in subsection (e) does not apply to subsection (a). The statute provides no definition of or limitation on the word "statement" as used in subsection (a). In

1. The Jencks Act, 18 U.S.C. § 3500 (1982), provides in pertinent part:

§ 3500. Demands for production of statements and reports of witnesses

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified....

(c) If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use.... 

(d) If the United States elects not to comply with an order of the court under subsection (b) or (c) hereof to deliver to the defendant any such statement, or such portion thereof as

the court may direct, the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared.

(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

2. We do not need to decide in this case whether *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), would compel pretrial disclosure of any materials in question here for the following reasons. In *Brady,* the Supreme Court held that due process forbids a prosecutor to suppress "evidence favorable to an accused upon request ... where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196–97. As we have stated *supra* text at 542, the government has agreed to furnish the defense with all favorable grand jury testimony, and does not challenge the portion of the district court's order that would require it to do so.

the absence of any limitation, logic alone would compel that the definition of statement in subsection (a) must be at least as broad and inclusive as the restrictive definition provided in subsection (e). Since subsection (e)(3) includes statements made to a grand jury, those statements must also be protected from subpoena, discovery, and inspection under subsection (a).

■ If logic were not persuasive enough to convince us that the grand jury testimony of prospective witnesses was not subject to pretrial discovery by the defense, precedent succeeds in precluding such discovery. In *United States v. Campagnuolo*, 592 F.2d 852 (5th Cir.1979), the former Fifth Circuit held that pretrial disclosure of grand jury testimony of government witnesses was barred by the Jencks Act. *Id.* at 858. That court specifically held that the Jencks Act required the prosecutor to permit defense counsel to examine the witness' grand jury testimony "only after [the witness] had given his direct testimony at the trial." *Id.* Though we are bound by *Campagnuolo*,[3] it is reassuring to note that with a single exception no other circuit has decided this issue differently. *See, e.g., United States v. Callahan*, 534 F.2d 763, 766 (7th Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976); *United States v. Tager*, 481 F.2d 97, 100 (10th Cir.1973), *cert. denied*, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974); *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir.1972), *cert. denied*, 410 U.S. 992, 93 S.Ct. 1515, 36 L.Ed.2d 190 (1973); *see contra, United States v. Short*, 671 F.2d 178 (6th Cir.), *cert. denied*, 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982) (Jencks Act prohibition of the pretrial disclosure of witness statements does not apply to grand jury testimony).

**B.**

Having disposed of the grand jury testimony of prospective government witnesses, we move on to the remainder of the grand jury materials not covered by the Jencks Act. The disclosure of those materials is controlled by Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure.[4] This rule permits the disclosure of grand jury materials "when so directed by a court preliminarily to or in connection with a judicial proceeding."

The Supreme Court has held that, in order to justify lifting the cloak of secrecy surrounding grand jury deliberations, a court must find a "particularized need" for the requested disclosure. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221–222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *United States v. Sells Engineering, Inc.*, 463 U.S.

---

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**4.** Fed.R.Crim.P. 6 provides in pertinent part:
   **(e) Recording and Disclosure of Proceedings.**
   **(1) Recording of Proceedings.** All proceedings, except when the grand jury is deliberating or voting, shall be recorded stenographically or by an electronic recording device.... The recording or reporter's notes or any transcript prepared therefrom shall remain in the custody or control of the attorney for the government unless otherwise ordered by the court in a particular case.
   **(2) General Rule of Secrecy.** A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
   **(3) Exceptions...**
   (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made––
   (i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). When such a particularized need is shown, the access to grand jury materials must still be "discrete[ ] and limited[ ]," *Procter & Gamble*, 356 U.S. at 683, 78 S.Ct. at 987, and must be "structured to cover only the material needed," *Douglas Oil*, 441 U.S. at 222, 99 S.Ct. at 1674.

■ In this case, although the magistrate and the district court referred to a "particularized need," the record is devoid of any findings of circumstances that: (1) are peculiar to this case; (2) create an increased burden on the defense; and (3) can be alleviated by access to specific grand jury materials. The magistrate based her findings of particularized need on: (1) the complexity of the case; and (2) the passage of time since the events charged in the indictment. Neither of these circumstances can, without something additional, satisfy the requirement of particularized need. The defendant would have to show that these circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to *specific* grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process in order to justify a district court's order of the production of grand jury documents.

### III.

Because we find that the district court ordered the production of certain grand jury testimony not subject to such production under the Jencks Act, and abused its discretion in ordering the production of the remainder of the grand jury materials, we REVERSE the district court's discovery order and VACATE its order imposing sanctions on the government. Pretrial discovery shall be conducted in the district court in this case in a manner not inconsistent with this opinion.

REVERSED In Part; VACATED In Part and REMANDED with instructions.