UNITED STATES of America, Plaintiff

v.

**Epifanio MATOS–LUCHI, Manolo Soto–Perez, Ramon Carrasco–Carrasco, Defendants.**

Criminal No. 07–208 (JAG).

United States District Court, D. Puerto Rico.

Dec. 26, 2007.

---

Timothy R. Henwood, United States Attorney's Office, San Juan, PR, for Plaintiff.

Carlos A. Vazquez–Alvarez, San Juan, Ruben Morales, Ruben Morales–Oliveras Law Office, Bayamón, PR, PHV Jeremy W. Conrad, Morano International PA, Miami Beach, FL, Antonio Bauza–Torres, Cond. Le Mans, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendants Epifanio Matos–Luchi, Manolo Soto Perez, and Ramon Carrasco–Carrasco's ("Defendants") Motion to Inspect Grand Jury Minutes. (Docket No. 74). For the reasons set forth below, the Court **DENIES** Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, Defendants were charged in a two count Indictment for: 1) having intentionally conspired to possess with intent to distribute five kilograms or more of cocaine; and 2) knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine. The Indictment charges Defendants with violations of Title 46, *United States Code*, Sections 70502(c)(1)(A), 70503(a)(1), 70504(b)(1), and 70506(b); and Title 18 *United States Code*, Section 2. (Docket No. 14).

On November 16, 2007, Defendants filed a Motion requesting that this Court allow them to inspect the grand jury minutes. Defendants proffered one reason for said request, namely, that the grand jury may have been mislead by the testimony of two Coast Guard Officers. Defendants assert that the Coast Guard Officers' statements,

which were provided by the Government as part of the discovery process, are untrustworthy because they misrepresent the type of vessel Defendants were driving. Specifically, Defendants contend that they were in a lumbering cheap boat known as "yola" while the Coast Guard Officers' testimonies state that they were in a "go-fast type vessel." As such, Defendants aver that they should be allowed to inspect all of the grand jury minutes in order to ascertain: 1) if the Coast Guard Officers' testimonies were offered to the grand jury and 2) if the grand jury was "misled (possibly arising to the level of perjury)" by said statements. (Docket No. 74). The Government opposed Defendants' request. (Docket No. 85).

## STANDARD OF REVIEW

The Supreme Court has repeatedly recognized the importance of secrecy in grand jury proceedings, even after, as in this case, the grand jury has concluded its function. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *United States v. McMahon,* 938 F.2d 1501, 1504 (1st Cir.1991). Grand jury secrecy facilitates the investigation of criminal charges by assuring potential witnesses that their testimony will not become public knowledge, thus encouraging them to testify freely and limiting the potential that they will be improperly influenced by those under investigation. *United States v. Pimental,* 380 F.3d 575, 591 (1st Cir.2004)(internal citations omitted). At the same time, it ensures "that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *Id.* The Supreme Court has sated that there are several reasons for grand jury secrecy:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219 n. 10, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)(internal citations omitted).

Pursuant to Fed.R.Crim.P. 6(e), grand jury material may be disclosed before trial.[1] *United States v. Liuzzo,* 739 F.2d 541,

---

1. The Circuit Courts disagree as to whether grand jury transcripts of prospective government witnesses need only be released by the government insofar as required under the Jencks Act, 18 U.S.C. § 3500. The Jencks Act provides in pertinent part that:

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the

trial of the case. 18 U.S.C. § 3500(a); *see also United States v. Wilkinson,* 124 F.3d 971, 977 (8th Cir.1997).

Some Circuits have held that by operation of the Jencks Act, grand jury testimony of prospective government witnesses is not subject to pretrial disclosure. *United States v. Liuzzo,* 739 F.2d 541, 544 (11th Cir.1984); *United States v. Bruton,* 647 F.2d 818, 823–24 (8th Cir.1981); *United States v. Pelton,* 578 F.2d 701, 709 (8th Cir.1978); *United States v. Callahan,* 534 F.2d 763, 766 (7th Cir.1976); *United States v. Quintana,* 457 F.2d 874, 878 (10th Cir.1972); *see also United States v. Maz-*

544 (11th Cir.1984); *see also United States v. Horton*, 1993 U.S.App. LEXIS 28406 (4th Cir.1993). Since 1946 the disclosure of grand jury minutes has been governed by Rule 6(e) of the Federal Rules of Criminal Procedure. *Ill. v. Abbott & Assocs.*, 460 U.S. 557, 566, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983). Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure authorizes a Court to order the disclosure of grand jury transcripts "preliminarily to or in connection with a judicial proceeding." *United States v. Sells Eng'g*, 463 U.S. 418, 442, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

■ A Court called upon to determine whether grand jury transcripts should be released has substantial discretion. *See id.; Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 396–97, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *United States v. Abusaid*, 2007 U.S.App. LEXIS 27506 (11th Cir.2007); *McAninch v. Wintermute*, 491 F.3d 759, 767 (8th Cir.2007). That discretion, however, is not unlimited. *See Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966)(finding an abuse of discretion in not making grand jury testimony available for cross-examination of government witnesses); *McMahon*, 938 F.2d at 1504.

■ The Supreme Court has consistently held that Rule 6(e) requires a strong showing of "particularized need" for grand jury material before any disclosure will be permitted. *Abbott*, 460 U.S. at 567, 103 S.Ct. 1356; *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. 1667; *Dennis v. United States*, 384 U.S. 855, 869, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). In determining whether to break that traditional secrecy, parties seeking disclosure must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. 1667. The Supreme Court has stated that "such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations."[2] *Id.*

## DISCUSSION

■ In the present case, the allegation proffered by Defendants in support of their request hinges on mere speculation. Defendants speculate based on the evidence received from the Government, whether the grand jury was deliberately mislead. Namely, Defendants contend that the testimony of the Coast Guard Officers is not trust worthy because it characterizes Defendants' vessel as a "go fast type vessel" when according to Defendants it was a lumbering cheap boat known as "yola."

This Court finds that Defendants have not met the required showing of "particularized need" to merit disclosure under Rule 6(e). The record is devoid of any findings of circumstances that: 1) are peculiar to this case; 2) create an increased

*zola*, 183 F.Supp.2d 195, 197 n. 1 (D.Mass. 2001). Other Circuits have held otherwise. *United States v. Short*, 671 F.2d 178, 186 (6th Cir.1982)("The Jencks Act does not apply to a motion for pretrial disclosure of a grand jury transcript"); *United States v. Glassman*, 562 F.2d 954, 957 (5th Cir.1977); *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir.1972).

2. Once the proceeding of the grand jury ends, the interests of secrecy are reduced, but not eliminated. *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. 1667. "Stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries." *Abbott*, 460 U.S. at 566 n. 11, 103 S.Ct. 1356.

burden on the defense; and 3) can be alleviated by access to specific grand jury materials.[3] Furthermore, Defendants' request is not structured to cover only the material so needed. On the contrary, Defendants seek to inspect all of the grand jury minutes. Moreover, Defendants' speculation does not demonstrate to this Court that the need for disclosure is greater than the need for continued secrecy.[4] As such, Defendants' request for the grand jury's minutes shall be denied.

Defendants should also take into consideration that the Supreme Court has held that the validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay. *United States v. Calandra,* 414 U.S. 338, 344–345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *see also United States v. Taylor,* 154 F.3d 675, 681 (7th Cir.1998) ("The validity of an indictment is not affected by the form of the evidence considered, and an otherwise valid indictment cannot be challenged on the ground that the grand jury based it on inadequate or incompetent evidence."); *United States v. Markey,* 693 F.2d 594, 596 (6th Cir.1982). Thus, even if the Coast Guard Officers' testimonies are inadequate, this would not affect the validity of the Indictment in this case.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendants' Motion to Inspect Grand Jury Minutes. (Docket No. 74).

IT IS SO ORDERED.

---

3. *See Liuzzo,* 739 F.2d at 545.

4. The Supreme Court has consistently stressed the importance of the secrecy of grand jury proceedings. *See Butterworth v. Smith,* 494 U.S. 624, 630, 110 S.Ct. 1376, 108 L.Ed.2d 572 (1990); *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *Dennis v. United States,* 384 U.S. 855, 869, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).